## Case No. 1,519.

### BLANCHARD v. WHITNEY.

[3 Blatchf. 307.] [1]

Circuit Court, D. Connecticut.    Sept. Term, 1855.

PATENTS—DURATION OF RIGHT—EXTENSION—CONTINUED USE BY PURCHASER FROM PATENTEE.

1. Under the extension of Blanchard's patent for "a machine for turning or cutting irregular forms," by the act of February 15, 1847 (9 Stat. "Private Acts," 35), held, that where Blanchard, prior to the commencement of the extended term, had sold a machine made by himself under the patent, the vendee had a right to continue to use the machine, during the extended term.

2. Blanchard, having built the machine, had the right to use it forever, irrespective of his patent; and as, by his voluntary act, that right became vested in his vendee, the act of 1847 could not take away that right, even if it purported to do so, which it does not.

[See Woodworth v. Curtis, Case No. 18,013; Bloomer v. McQuewan, 14 How. (55 U. S.) 539; Bloomer v. Stolley, Case No. 1,559; Day v. Union Rubber Co., Id. 3,691; Chaffee v. Boston Belting Co., 22 How. (63 U. S.) 217; Bloomer v. Millinger, 1 Wall. (68 U. S.) 340; Wooster v. Seidenberg, Case No. 18,039; Union Paper-Bag Mach. Co. v. Nixon, Id. 14,391; Paper-Bag Cases, 105 U. S. 766.]

3. There is a distinction between such a case, and one where the title to a machine is derived from a person who has only a right, under a patent, to manufacture for a specified limited time.

In equity. This was a motion for a provisional injunction, to restrain [Eli Whitney from] the infringement of letters patent granted to Thomas Blanchard, September 6th, 1819, for "a machine for turning and cutting irregular forms." [Denied.]

By an act of congress, passed February 6th, 1839 (6 Stat. 748), the patent was extended for fourteen years from the 20th of January, 1834. Afterwards, by another act, passed February 15th, 1847 (9 Stat. "Private Acts," 35), the patent was further extended for fourteen years from January 20th, 1848. The facts are sufficiently stated in the opinion of the court.

Before NELSON, Circuit Justice, and INGERSOLL, District Judge.

NELSON, Circuit Justice. The plaintiff, being the patentee of an invention for turn-

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

ing gun stocks by machinery, was applied to by the defendant, in the fall of 1842, to sell him a machine, to be used in his armory. After some negotiation respecting the price, it was agreed by the patentee to construct and deliver one for the sum of $600. It was made accordingly, and put up in the defendant's armory in the spring of 1843, and was in use there down to the time of the filing of the bill in this case.

The plaintiff's patent expired in 1848, some five years after the machine was purchased and put in operation, but was extended by act of congress for another term of fourteen years, without any saving clause in favor of assignees, or of persons who had acquired rights under the previous term of the patent. The bill in the present case is filed to enjoin the defendant from further using his machine without a license under the extended term, upon the ground that his right to use it expired with the term of the patent then running, which, as we have seen, was in 1848, and that no new right has been acquired for such extended term.

However this might be in a case where the patentee had simply sold a right to construct and use a machine under the previous term, we are inclined to think that the reasoning is not applicable to a case where the patentee has manufactured and sold the machine himself to the party sought to be enjoined. Such a transaction, it seems to us, reasonably, if not necessarily, implies and carries with the purchase of the article the right to use it, at least till it is worn out. Such is the right of the vendee as against the vendor or manufacturer in ordinary cases; and that relation existed between these parties.

It is true that the plaintiff's exclusive right to manufacture and sell the patented article, existing at the time of the purchase of the machine in question, expired in 1848. But it would be a forced construction of the meaning and understanding of the parties, to hold that the use of the machine was intended to be limited to that period. No such limitation necessarily attached, as the patentee and manufacturer could vest in the vendee, by force of the sale, the right to an unqualified use; and such, we think, must have been the understanding of the parties.

As respects the rights of the patentee as against those using the patented article, there is a manifest distinction between a case where the title to a machine is derived from a person who has purchased simply a right or license to manufacture it under the patent, and a case where the purchase of the article is made directly from the patentee. In the one case, the patentee has parted only with his interest in the term of the patent, which is limited; in the other, he has sold the machine itself, with all the rights appertaining to his title as vendor, and, of course, without any necessary limitation of its use or enjoyment. As I have

already said, it would be a very forced and unreasonable construction of the transaction, to limit the duration of the use to the then existing term of the patent, in the absence of any express provision to that effect, inasmuch as the limitation of that term in no way operated necessarily as a restriction upon the title of the patentee and manufacturer. He could convey the right to an unlimited use. When the plaintiff built the machine now sought to be enjoined by him, he had a right to use it as long as it should last, for all coming time. This right he had irrespective of the patent. As the inventor and builder of the machine, he had this right to such use, without a patent. The patent secured to him the exclusive right to all machines made like it, and deprived all others of the right to make or use the same, without his consent, for a certain period of time. But the right to use the machine in question for all coming time was in the plaintiff, without the patent. The right which the plaintiff had to the machine in question, he conveyed to the defendant. He conveyed his whole right to it—his whole right to the use of it. And, as his whole right was a right to use it for all coming time, he conveyed to the defendant his right to that extent. By his voluntary act, his whole right to use the machine in question became vested in the defendant; and the act of congress of 1847, which authorizes the renewal and continuance of the plaintiff's patent to his use, does not purport to take away, neither could it take away, any right vested in the defendant, or any one else, by the voluntary act of the plaintiff.

I have thus briefly explained the ground upon which we think that the plaintiff has failed to establish a right to enjoin the defendant's machine, and that the motion for an injunction must be denied.

[NOTE. For other cases involving this patent, see note to Blanchard's Gun-Stock Turning Factory v. Warner, Case No. 1,521, and note at end of Blanchard v. Reeves, Id. 1,515.]